UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

| | |
|---|---|
| Terry Shaffer, | § |
|        Plaintiff, | § |
| versus | §    Civil Action H-15-1345 |
| Hamburg Sud North America, Inc., et al., | § |
|        Defendants. | § |

# Opinion on Summary Judgment

1. *Introduction.*

   Terry Shaffer is a longshoreman who worked on the *M.V. Monte Cervantes*. One night, as he was returning from a midnight break, Shaffer says that he twisted his knee when he stepped onto the gangway and grabbed a loose stanchion. No one observed this accident.

   Shaffer sued the owner and manager of the *Monte Cervantes*, claiming that they were negligent in allowing a stanchion to be loose. Monte Cervantes Maritime, Ltd., owned the ship. Columbus Shipmanagement, GMBH, managed the ship. Hamburg Sud North America, Inc., was dismissed as improvidently joined.

2. *Background.*

   Shaffer and roughly twenty other longshoremen walked up the gangway to the weather deck at 7:00 p.m. on February 15, 2015. At midnight, twenty longshoremen walked down the gangway for their midnight meal. At 1:00 a.m., when the break ended, twenty longshoremen returned up the gangway. At 6:00 a.m., when the shift ended, twenty longshoremen walked down the gangway. Of those eighty trips up and down the gangway, one resulted in an injury – Shaffer's 1:00 a.m. return from the break.

On returning from the meal, Shaffer says that he grabbed a stanchion to step up on the gangway. The stanchion wobbled six to eight inches horizontally, and Shaffer lost his balance and twisted his knee. No one saw Shaffer step on the gangway or twist his knee After his injury, he walked up the gangway and finished the remaining five hours of his shift.

Although longshoreman Tommie Austin says he noticed that one of the stanchions was loose, he does not remember which one. Neither he nor Shaffer nor anyone else reported the loose stanchion to the stevedore or the ship before. Only after finishing his shift at 6:00 a.m. did Shaffer report his accident and the loose stanchion.

3.   *The Stanchion.*

Shaffer claims that the stanchion he was holding moved six to eight inches at the top. That seems impossible. In a picture taken for Shaffer after his accident, the stanchion is not loose; the stanchion and its socket are snug. Shaffer claims that the stanchion did not bend, so it would have had to move in the socket. To move eight inches at the top of the stanchion, the stanchion would have also had to move one-half to one inch at the top of the socket. The picture does not show a wallowed socket.

In addition to the photo, Shaffer submitted a video of a man stepping on the gangway sometime after his accident. At the September 9, 2016, hearing, Shaffer argued that, in the video, the stanchion was so loose that it hit the side of the *Monte Cervantes*. The stanchion could not have hit the side of the vessel. The stanchion in question is on the outboard side of the gangway. It is approximately 34 inches tall. The gangway is approximately 48 inches wide, and it does not touch the side of the ship. Even set on its side, the stanchion is not long enough to reach the vessel.

According to Shaffer, saying that there was nothing wrong with the stanchion is like saying there was nothing wrong with an airplane that flew ten times without incident and crashed on the eleventh time. Not only did other longshoremen walk up or down the gangway sixty times without incident before the accident, but they also walked down the gangway twenty more times without incident after the accident. This situation is like an airplane that flew ten times

without incident, crashed the eleventh time, then flew nine more times without incident.

4. *Ship's Duty.*

A ship owes a duty of ordinary care to the stevedore and the longshoremen.[1] When the stevedore begins its cargo operations, the ship must warn the stevedore of latent hazards of which ship knew or should have known in exercising reasonable care. Neither the owner nor the manager of the *Monte Cervantes* knew that the stanchion was loose. The first time they would have had notice of the loose stanchion was when Shaffer reported it to the stevedore five hours after his accident. Nor did the owner or the manager have reason to know the stanchion was loose; it was used eighty times without incident.

The ship must exercise ordinary care for the parts of the ship under its active control during cargo operations. The gangway was not under the active control of the ship.

Austin did not report the loose stanchion he says that he noticed to the ship's crew. Shaffer did not report his accident for five hours. Because no one else was present when Shaffer twisted his knee, and the ship had no information about the accident, the ship cannot have breached its duty to intervene.

5. *Conclusion.*

The uncontroverted evidence shows that neither Monte Cervantes nor Columbus breached a duty of care. No material fact is ambiguous about whether either defendant breached a duty. Shaffer will take nothing from Monte Cervantes, Columbus, or Hamburg Sud.

Signed on October 6, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Scindia Steam Nav. Co., Ltd., v. De Los Santos, 451 U.S. 156, 166–167 (1981).